CHARLES S. HUTCHINS *vs.* HERBERT BLAISDELL, and certain lumber.

Androscoggin.    Opinion October 9, 1909.

*Logs and Lumber.   Liens.   Statutes.   Rule of Construction.   Amendment.   Revised Statutes, 1883, chapter 91, section 38; 1903, chapter 93, section 46.*

The safe rule for the interpretation of Revised Statutes, chapter 93, section 46, inasmuch as it gives protection to one of the parties but compels the other to pay a debt which he had no voice in contracting, is to neither extend nor restrict its operation beyond the fair meaning of the words used, and to give such a construction as the language naturally imports.

Under Revised Statutes, chapter 93, section 46, which gives a lien for cutting, hauling, rafting and driving logs or lumber, no lien is created for " sticking" which is not a necessary incident of hauling but a distinct and independent branch of work requiring experience and skill in order to accomplish the best results.

Where in an action of assumpsit to enforce a lien for " hauling 158,221 feet of lumber at 60c. per M., $94.93," the plaintiff testified that his contract covered both " hauling " and " sticking," and the presiding Justice ruled that there was no lien and denied a motion to amend the writ so as to cover a claim for " hauling " only, *Held:* That the plain purpose of the proposed amendment was to reduce the price so as to cover the hauling only, and to this the plaintiff was entitled, and the amendment should have been allowed.   Whether or not the price charged could be apportioned between hauling and sticking was a matter of evidence.   If the evidence was sufficient to make the separation, a lien would be established for the amount proven for the hauling, otherwise the plaintiff would fail.

*Bondur* v. *LeBourne*, 79 Maine, 21, distinguished.

On exceptions by plaintiff.    Sustained.

Assumpsit upon an account annexed to enforce a statutory lien for labor performed for the defendant upon certain lumber.    During the trial the presiding Justice ruled that under the evidence the plaintiff had no lien and also denied the motion of the plaintiff to amend his writ, and to these rulings the plaintiff excepted.

The case is stated in the opinion.

*A. L. Kavanagh*, for plaintiff.

*George C. Wing, and F. O. Purington*, for owner of lumber.

SITTING: WHITEHOUSE, PEABODY, SPEAR, CORNISH, KING, BIRD, JJ.

CORNISH, J.   Action of assumpsit in which the plaintiff seeks to enforce a statutory lien for labor performed for the defendant, upon lumber, under the following account annexed: "To hauling 158,221 feet of lumber at 60c per M. $94.93." R. S., ch. 93, sec. 46, under which this lien is claimed provides: "Whoever labors at cutting, hauling, rafting or driving logs or lumber   . . .   has a lien on the logs and lumber for the amount due for his personal services and the services performed by his team." The account annexed comes within this provision, but the plaintiff himself testified that under his contract with Blaisdell he agreed to "haul and stick" the lumber for 60c. per thousand and that in fact he did haul it from the mill about 200 yards into a clearing and there "stuck" it. The presiding Justice ruled that inasmuch as the labor included "sticking" there was no lien. The plaintiff thereupon moved to amend his writ so as to establish a claim for hauling only. This motion was denied on the ground that the price for hauling and sticking could not be apportioned. The case is before this court on plaintiff's exceptions to both rulings.

1.   Does the statute give a lien for sticking lumber? We think not. The evidence is barren of any explanation of the term but it is familiar knowledge that it is the process of placing thin strips of wood between layers of boards or timber in order to secure a proper circulation of air and the consequent seasoning of the lumber without warping or decay.  It is not a necessary incident of hauling, but a distinct and independent branch of work that requires experience and skill in order to accomplish the best results. The work must be carefully done and requires time, for lumber improperly stuck may be greatly damaged.  One crew may be and often is hired to haul and another to stick.  A man may be competent to do the one but incompetent to do the other.  A contract to haul would include loading and unloading but would not be construed to include sticking, because not all lumber is required to be stuck, and a contract to haul and stick would not be fulfilled by simply hauling and unloading in piles.  The legislature might well have provided a

lien for such work but it has not yet done so, and the court cannot create it. The case of *Bondur* v. *LeBourne*, 79 Maine, 21, relied upon by the plaintiff is readily distinguishable in its facts from the case at bar, but rested upon the same legal principle adopted here.

The claim in that case was for cutting, peeling and piling poplar lumber for pulp. The court granted the lien on the express ground that the evidence showed that the additional work was a necessary incident of the cutting. The court say:

"To be sure, the contract was specific in terms to prevent any misunderstanding, and included 'peeling and piling,' as well as 'cutting,' which term alone is mentioned in R. S., c. 91, sec. 38, as being the foundation of a lien. But it was poplar, cut into logs of four feet in length, for the particular purpose of being manufactured into pulp. Moreover, the evidence is that it must be 'peeled' before it can be thus manufactured, not as in the case of hemlock because the bark is of any value but in order to fit it for manufacture, and which is as essential as cutting, and, as one of the witnesses testifies, 'peeling is an incident and necessary to it as pulp lumber.' Of course, it must be 'piled' by the chopper, who cuts it by the cord, in order that his surveyor might ascertain the quantity and thereby furnish him the means of knowing how much he was entitled to under the contract which was to be $1.25 per cord."

In the case at bar the lien is denied on the ground that the additional work was not a necessary incident of the hauling.

The plaintiff asks for a liberal, the defendant for a strict interpretation of the statute but the safer way lies in the middle course, such a construction as the language fairly imports. In answer to the same suggestions made in *Blanchard* v. *Railway Co.*, 87 Maine, 241, in regard to the construction of a similar statute, providing a laborer's lien, this court defines its position in these words:

"It may not be out of place to add that the statute under consideration is not strictly remedial; that while it confers benefits it also imposes burdens; that while it gives protection to one of the parties it compels the other party to pay a debt which he had no voice in contracting. The correct rule for the interpretation of such

a statute is to neither extend nor restrict its operation beyond the fair meaning of the words used. To forcibly extend its operation would be unfair to one of the parties. To forcibly restrict its operation would be unfair to the other party."

This rule was reiterated in *Meands* v. *Park*, 95 Maine, 527. Adopting this rule as a guide we are forced to conclude that labor performed in "sticking" lumber is not within the protection of the statute, and on this point the ruling was correct.

2. The plaintiff's motion to amend we think should have been allowed. The bill of exceptions states that the plaintiff's motion was to strike out the non-lien item of "sticking." This is not technically accurate. "Sticking" was not mentioned in the declaration or account, but simply "hauling." However, the plain intention of the amendment was to reduce the price so as to cover the hauling only, as is shown by the ground of the court's refusal to allow the amendment which was that "the price for hauling and sticking could not be apportioned."

Whether or not the price could be apportioned was a matter of proof and not of pleading, and could be determined only by evidence. It is in every such case a question of fact. We see no inherent difficulty in the proposition. Men familiar with the business could readily give their judgment of the proportion of the 60 cents on a 200 yard haul that should be applied to the hauling and the proportion to the sticking. If the jury or court should decide that the ratio for instance were two-thirds and one-third, then the plaintiff is entitled to a lien on the lumber to the amount of 40 cents per thousand. A laborer should not be deprived of his lien for services rendered in one class of work simply because he also rendered services in another for which there is no lien. The latter does not ipso facto destroy the former. To make such apportionment is in effect like having two items in this account, one for hauling at forty cents and the other for sticking at twenty cents per thousand. The plaintiff would then unquestionably have the right to amend by striking out the non-lien item. *Spofford* v. *True*, 33 Maine, 283; *Deering* v. *Lord*, 45 Maine, 293; *Sands* v. *Sands*, 74 Maine, 239. It should make no difference whether the non-lien charge is separate or is

combined with the lien charge.   If evidence can separate it, the plaintiff should not be deprived of his lien.   This was done in *Bondur* v. *LeBourne*, supra, where the word "peeling" was stricken out.   It is true that in merging lien and non-lien clauses in one judgment, a plaintiff is held to have waived his lien, because it is impossible to then make a separation.   *Lambard* v. *Pike*, 33 Maine, 141 ;  *Coburn* v. *Kerswell*, 35 Maine, 126 ;  *Taggard* v. *Buckmore*, 42 Maine, 77 ;  *Bank* v. *Redman*, 57 Maine, 405. To avoid obtaining such a non-enforceable judgment was the object of the plaintiff's request.

It is also true that when the evidence in a given case shows that the laborer has so intermixed and interwoven the lien and the non-lien services that it is utterly impossible for the court to make any such distinction between the two kinds as would authorize a lien for judgment for any definite amount, the lien fails.   *Baker* v. *Fessenden*, 71 Maine, 292 ;  *Kelley* v. *Kelley*, 77 Maine, 135.   It remains, however, a matter of proof and the plaintiff should be given the opportunity to introduce evidence on that point.   If the evidence is sufficient to make the separation a lien is established for the amount proven, otherwise he fails.   The object of the proposed amendment was to enable the plaintiff to exercise this right and its rejection as a matter of law was subject to exception.   *Hayford* v. *Everett*, 68 Maine, 505.

On the second point therefore, the entry must be,

*Exceptions sustained.*